UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE A. TODIE-REYES,

               Plaintiff,

-against-

CINTHIA CAROLINA REYES ORELLANA,

               Defendant.

21-CV-10444 (LTS)

ORDER DIRECTING PAYMENT OF FEES
OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff brings this action *pro se*. He submitted the complaint without the filing fees or an IFP application. To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. By order dated December 9, 2021, the Court directed Plaintiff to either pay the $402.00 in fees or submit a completed and signed IFP application within thirty days of the date of that order.

      On December 27, 2021, Plaintiff filed an IFP application, but he does not fully answer the questions pertaining to his financial situation. In question 2, Plaintiff checks the box indicating that he is not presently employed, and he indicates that he last worked in March 2020. (ECF No. 3 at 1.) Plaintiff failed, however, to indicate his gross monthly wages at that time, instead writing, "undecided, HR dept. over site [sic]." (*Id.*). In question 3, Plaintiff checks the boxes indicating that he does not receive income from any of the listed sources, and in response to the question asking him to explain how he pays his expenses, Plaintiff writes, "I'm not, they are piling up." (*Id.* at 2.) Plaintiff also indicates that he has "negative $3,000" in the bank, but that his monthly expenses include "phone $70," and "MetroCard $120." (*Id.*) Plaintiff lists an

apartment in Rego Park (Queens County), New York, for his address and he also provides a cell phone number, but it is unclear how Plaintiff pays for these expenses.

Because Plaintiff fails to supply sufficient information explaining any sources of income and how he pays his expenses, it is unclear whether Plaintiff has sufficient funds to pay the filing fees for this action. The Court is therefore unable to make a ruling on Plaintiff's IFP application.

Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit an amended IFP application. Plaintiff must answer the questions as they pertain to his current financial situation. If Plaintiff submits the amended IFP application, it should be labeled with docket number 21-CV-10444 (LTS), and address the deficiencies indicated above by providing facts to establish that he is unable to pay the filing fees. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   New York, New York

                                            /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                    Chief United States District Judge