UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE A. TODIE-REYES,

               Plaintiff,

-against-

CINTHIA CAROLINA REYES ORELLANA,

               Defendant.

21-CV-10444 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action, purportedly invoking the Court's federal question and diversity jurisdiction, 28 U.S.C. §§ 1331, 1332.[1] By order dated June 16, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Plaintiff uses the court's general complaint form and, in the section that asks for the basis of jurisdiction, he checks the box indicating diversity of citizenship. (ECF No. 1 at 2.) On the following page, however, Plaintiff indicates that Defendant is a citizen of the State of "possibly NY, hence Federal question . . .." (*Id.* at 3.)

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Eugene A. Todie-Reyes, who resides in Rego Park (Queens County), New York, brings this action against Defendant Cinthia Carolina Reyes Orellana, who Plaintiff believes resides in New York. Plaintiff asserts that the events giving rise to his claims occurred on "May 26th, 2016, Dec. 25th, 2016, Nov. 22nd, 2019, August 28th, 2019, Mid June 2019 (around Mothers Day), Jan. 3rd, 2020, Dec. 17th, 2020." (ECF No. 1 at 5.) He asserts that the place(s) of

occurrence were "Kings County, Bushwick, W. Harlem 130th St., Centre St. N.Y.C., Mid State C.F., Marcy, NY and THE BRONX, Bronx County." (*Id.*) Plaintiff details events beginning in the Spring of 2016, which appear to have led to Plaintiff meeting and marrying the Defendant. He then proceeds to detail a series of events involving the Defendant, and claims the Defendant made against Plaintiff and Macy's Department Store. In response to the claims that Plaintiff alleges that Defendant made against him, Defendant received an order of protection directing Plaintiff to stay away from her.

Plaintiff seeks to have "the order of protection system re-evaluated so these orders can't be used as a weapon by criminals and utilized by individuals who actually require them." (*Id.* at 15.) Plaintiff asserts that "Cinthia tried to put me in prison for in-the-least 30 years to protect her settlement from Macy's." (*Id.* at 16.) He "would appreciate her wages being garnished for $3,000,000.00 if she is a US citizen or deported if she is not. Naturally, the order of protection system needs to be re-evaluated as well." (*Id.*)

## DISCUSSION

**A.     Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

3

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

### 1. Federal Question

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff does not plead facts showing that his claims against Defendant arise under federal law. To the extent that Plaintiff seeks to have this court re-evaluate the state-court system of issuing orders of protection, this court cannot provide the relief he seeks because federal courts cannot compel state-court action. *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *see also Fullan v. Comm'r of Corr. of N.Y.*, 891 F.2d 1007, 1009-10 (2d Cir. 1989). There is, therefore, no basis for federal question jurisdiction.

### 2. Diversity of Citizenship

Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction of this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the

claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and Defendant reside in New York, precluding complete diversity of citizenship. Additionally, despite Plaintiff's request for damages in the amount of $3,000,000.00, he does not allege that his claims against Defendant satisfy the jurisdictional amount.

**B.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the jurisdictional defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  July 18, 2022
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge